*715 OPINION.
MoRRis:
The first question relates to the deduction of salaries paid to the petitioner’s wife as compensation for services during 1920, 1921, and 1922. The evidence contained in the record of the duties performed by petitioner’s wife, and the testimony of competitors as to the value of services performed and salaries paid therefor to others who performed similar services, convinces us that the amounts withdrawn by Mrs. Friend during each of the years were not unreasonable for the services which she rendered. The volume and the earnings of petitioner’s business are not in the record, but there is testimony sufficient to sustain our decision without a showing of these facts which, although important, are by no means solely determinative of the question of reasonableness of salaries paid.
The second issue is the deductibility of an alleged loss sustained by petitioner because of fire. We can not determine from the record the cost or the March 1, 1913, value of the parts of the building or equipment which were destroyed or damaged or abandoned. There must be some measure of the damage sustained before the amount of the loss can be‘.determined. Petitioner would have us measure the loss by the cost of reconstruction less the amount of insurance allowed. It seems apparent to us that a loss could not be determined upon such a basis for the reason that depreciation sustained between the date of acquisition and the date of the fire is not taken into *716 consideration, and for tlie further reason that some of the items entering into the cost of reconstruction represent capital additions. We therefore approve the determination of the respondent. Cf. Treat Hardware Corporation v. Commissioner, 6 B. T. A. 768.
The amounts deducted by petitioner as entertainment and automobile expenses for 1920 and 1921 were arbitrarily fixed by George B. Friend, and represented his estimate as to the amounts actually expended. Petitioner failed to offer evidence to sustain these deductions other than the testimony of Friend that the amounts represented his best guess. In the absence of sufficient evidence to support the petitioner’s allegation the respondent’s determination is approved.

Judgment will he entered on 15 days’ notice, v/nder Bide 50.

Considered by Tkammell and Littleton.